IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41028
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN GEOVANNI DURON,
also known as Mario Ortiz Aguilar,
also known as Juan Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-158-1
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Edwin Geovanni Duron ("Duron") appeals his conviction and 57-month sentence following his plea of guilty to illegal reentry into the United States after deportation, a violation of 8 U.S.C. § 1326. Duron argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in his indictment. Duron also argues that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the indictment was defective because it did not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allege the timing of his prior conviction, namely that it occurred before his last deportation. Duron acknowledges that his first argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of decision in <u>Apprendi</u> because the Supreme Court indicated in <u>Apprendi</u> that <u>Almendarez- Torres</u> may have been wrongly decided. Because the Supreme Court has not overruled <u>Almendarez-Torres</u>, this court is compelled to follow it. <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Duron's argument is foreclosed. <u>See</u> <u>Almendarez-Torres</u>, 523 U.S. at 235.

Duron's argument that the indictment must allege that his prior felony conviction occurred before his last deportation is also without merit. Duron has not explained why an indictment that, under <u>Almendarez-Torres</u>, need not allege the defendant's prior conviction at all is deficient for omitting the details of that prior conviction.

AFFIRMED.